**BIOPHONE CORPORATION v. WESTERN ELECTRIC CO., Inc., et al.**

No. 6339–6342.

Circuit Court of Appeals, Third Circuit.

Aug. 10, 1937.

Holland Duell and Philip T. Dalsimer, both of New York City, for appellant.

Henry R. Ashton, of New York City (Charles Neave, of New York City, of counsel), for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In these patent infringement cases, the court below, on January 30, 1935, on default of defendant, entered decrees adjudging the patents sued on valid and infringed by defendant, and on September 29, 1936, referred the cases to a master for an accounting. As stated by the court below: "Mr. Alfred Weiss, president and controlling owner of the defendant, learned of the denial of the defendant's motions to dismiss the bills of complaint and of the orders for decrees pro confesso in December of 1935, but, says he, 'at that time defendant was out of business and I was not aware that the matter was of any practical importance.' "

Neither Weiss, who was its president and chief owner, his company, nor its counsel tooks steps to vacate the court's order of January 30, 1935, until December 11, 1936, when, as stated by the court, "he is now impelled to view these defaults in another light by reason of their effect on suits brought by the defendant as plaintiff, against the plaintiffs as defendants, in the United States District Court for the Southern District of New York."

On this showing the court said: "Terms of court passed after this actual notice upon the part of defendant's controller but he continued to sleep away its rights. There is but one inference here and that 'is that the defendant did not intend to defend these suits until it was deemed expedient to do so in the light of its litigation elsewhere," and dismissed defendant's petition to open the default decrees.

Passing by the question whether the court had power after the term to vacate its decrees, the basic question involved is whether, in view of all the facts and circumstances set forth at large in the Judge's memorandum, did the court below abuse its discretion in deciding that defendant's motion should be denied. We are of opinion it did not. The defendant, with knowledge of the decree, took no steps to open because it regarded the order as of no moment and its delayed motion was an afterthought due to changed conditions. It elected to sleep on its alleged rights, and equity favors the vigilant and looks with disfavor on the dilatory suitor.

So holding, the decrees below are affirmed.